UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO S.,<br><br>                              Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | Case No.: 23-cv-2324-AJB-DEB<br><br>**REPORT AND RECOMMENDATION ON JOINT MOTION FOR SUMMARY JUDGMENT**<br><br>**[DKT. NO. 17]** |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1.c.

## I.    INTRODUCTION

Plaintiff Julio S. seeks judicial review of the Commissioner of Social Security's denial of his application for disability benefits.[1] Dkt. No. 1. The parties filed a Joint Motion for Judicial Review. Dkt. No. 17.

For the reasons discussed below, the Court **RECOMMENDS GRANTING** the Motion in Plaintiff's favor and **REMANDING** this action for further proceedings consistent with this Report and Recommendation.

---

[1] In the interest of privacy, this Report and Recommendation uses only the first name and the initial of the last name of the non-governmental party in this case.

1

## II.  PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits alleging disability beginning February 28, 2020. AR 95.[2] The Social Security Administration denied Plaintiff's application initially and on reconsideration. AR 1–6. Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing on December 9, 2021, and the ALJ held a supplemental hearing on October 4, 2022. AR 37–93. The ALJ issued a written decision finding Plaintiff not disabled. AR 14–31. The Appeals Council denied Plaintiff's request for review (AR 1–6), and this case followed.

## III.  SUMMARY OF ALJ'S DECISION

The ALJ's decision followed the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520.

At step one, the ALJ found Plaintiff had "not engaged in substantial gainful activity since February 28, 2020, the alleged onset date." AR 19.

At step two, the ALJ found Plaintiff had the following severe impairments: "status post injury (laceration to back) following fall from ladder, degenerative disc disease of the cervical and lumbar spine, status post anterior cervical fusion surgery in July 2020, and bilateral shoulder impingement syndrome." AR 19–20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 20.

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following non-exertional limitations:

> He could occasionally climb ramps or stairs; rarely climb ladders; never climb ropes or scaffolding. He could occasionally balance, stoop, kneel, crouch, or

---

[2] "AR" refers to the Administrative Record lodged on February 20, 2024. Dkt. No. 8. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

crawl. He was able to occasionally reach overhead with bilateral upper extremities. He was able to frequently reach in other directions, and frequently handle, finger and feel with the bilateral upper extremities. He was able to occasionally push and/or pull with the bilateral lower extremities.

AR 20–21.[3]

At step four, the ALJ found Plaintiff unable to perform past relevant work. AR 26.

At step five, the ALJ found Plaintiff could have performed jobs that existed in significant numbers in the national economy, and therefore, concluded Plaintiff was not disabled. AR 27–30.

## IV.    STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether it applied the correct legal standards and whether it is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court may not impose its own reasoning to affirm the ALJ's decision. *Id.* at 1010. The Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).

---

[3] *See* 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.").

"[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination.'") (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

## V.  DISCUSSION

Plaintiff contends the ALJ's decision errs in its rejection of: (1) Dr. Sial's opinion that Plaintiff is limited to occasional reaching in all directions; (2) Dr. Tran's opinion that Plaintiff is limited to four hours of standing and walking in an eight-hour workday; and (3) Dr. Nusbaum's opinion that Plaintiff is limited to sedentary work. Dkt. No. 17 at 10–14. For the reasons below, the Court agrees the ALJ's treatment of Dr. Sial's opinion is legally inadequate and recommends remanding for further proceedings.

### A.  <u>Legal Requirements</u>

An ALJ's decision must articulate the persuasiveness of all medical opinions and address whether they are supported and consistent with the record. 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision."); *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) ("The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings.") (internal citations omitted). Supportability is "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). Consistency "means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).

When considering the medical opinion evidence, the ALJ must do more than state a conclusion. The "ALJ [must] build an accurate and logical bridge from the evidence to [the ALJ's] conclusions [to enable] meaningful review of the SSA's ultimate findings. *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

"Although the substantial evidence standard requires the Court to defer to the ALJ's findings, the ALJ must provide specific and legitimate reasons in evaluating medical evidence so the Court can discern the basis of the ALJ's evaluation and review the decision in a meaningful way." *Matthew H. v. Comm'r of Soc. Sec.*, C20-6067-BAT, 2021 WL 2349767, at *1 (W.D. Wash. June 9, 2021) (citation omitted). The Court will defer to the ALJ's decision so long as the ALJ's "path may reasonably be discerned[.]" *Wilson v. Berryhill*, 757 F. App'x 595, 597 (9th Cir. 2019) (citation omitted).

## B. <u>Analysis</u>

The Court finds the ALJ's decision does not adequately explain the rejection of Dr. Sial's opinion that Plaintiff is limited to occasional reaching. The Court also finds this error is material to the ultimate disability determination and, therefore, is not harmless.

The Court finds no error in the ALJ's analysis of Dr. Tran's and Dr. Nusbaum's opinions.

### 1. <u>*Dr. Sial: Occasional Reaching*</u>

Dr. Sial, a consultive orthopedic examiner, examined Plaintiff on April 9, 2021. AR 529–34. Dr. Sial concluded Plaintiff is limited to occasional reaching. AR 533. The ALJ's decision accepts that limitation, in part, finding (and including in the RFC) Plaintiff is limited to "occasionally reach overhead with bilateral upper extremities." AR 21. Contrary

to Dr. Sial's conclusion, however, the ALJ's decision found Plaintiff can "frequently reach in other directions." *Id.*

The ALJ's decision explains "that limiting overhead reaching to occasional rather than frequent (as opined by Dr. Tran) is warranted based on the claimant's decreased range of motion of his shoulders." AR 24. To support the more restrictive "occasional" overhead reaching limitation, the ALJ's decision cites Dr. Sial's medical reports for right and left shoulder flexion, abduction, and rotation. AR 23 (citing AR 532). The decision also rejects Dr. Tran's and Dr. Steinsapir's opinions that Plaintiff is capable of frequent overhead reaching because they are inconsistent with Plaintiff's "subjective complaints of ongoing neck and back pain, along with objective findings such as decreased range of motion and tenderness to palpation of the cervical and lumbar spine, and decreased range of motion of the bilateral shoulders." AR 26.

Although the ALJ's decision contains supportability and consistency findings for accepting Dr. Sial's "occasional" overhead reaching restriction, it does not explain the basis for rejecting Dr. Sial's conclusion that Plaintiff is limited to occasional reaching in all directions. The only objective medical evidence the ALJ's decision cites pertains to its rejection of Dr. Tran's opinion that Plaintiff is capable of frequent overhead reaching. AR 23–24 (citing AR 673–85).

It is not enough for the ALJ's decision to discuss the medical evidence that supports accepting Dr. Sial's occasional limitation for overhead reaching. The decision must also explain what (if any) medical evidence establishes Plaintiff is capable of frequent non-overhead reaching. *Woods*, 32 F.4th at 792 ("The agency must . . . 'explain how [it] considered the supportability and consistency factors' in reaching these findings . . . ."). The ALJ's decision, however, does not explain whether or how the evidence in the record establishes Plaintiff is capable of frequent non-overhead reaching. This omission is error. *See Alcala v. Comm'r of Soc. Sec.*, No. 2:19-CV-1579-KJM-DMC, 2021 WL 620355, at *6 (E.D. Cal. Feb. 17, 2021) (finding error where the ALJ did not "explain why the shoulder impairment, which the ALJ himself found to be severe, would cause limitations

in reaching overhead but not in any other direction."), *report and recommendation adopted as modified*, 2021 WL 1253344 (E.D. Cal. Apr. 5, 2021); *Norman N. v. Comm'r Soc. Sec.*, No. 3:18-cv-00162-YY, 2019 WL 1331735, at *9 n.13  (D. Or. Mar. 25, 2019) ("[T]he RFC limits plaintiff to occasional overhead reaching and frequent reaching in other directions. Neither the Commissioner nor the ALJ, however, have explained why this distinction was made. Therefore, should the ALJ find on remand that Plaintiff's difficulty with reaching warrants RFC limitations, the ALJ must explain what evidence supports that determination.").

### 2. *Dr. Tran: Standing and Walking*

Plaintiff also challenges the ALJ's rejection of Dr. Tran's opinion limiting Plaintiff to standing and walking no more than four hours in an eight-hour workday. Dkt. No. 17 at 13. The Court finds no error here.

Dr. Tran, an orthopedic consultive medical examiner, examined Plaintiff on April 21, 2022. AR 678. Dr. Tran assessed Plaintiff, in part, with chronic neck pain with radiculopathy; likely, cervical disc protrusion; likely, lumbar spinal stenosis; post cervical fusion pain; bilateral shoulder pain; back pain with possible radiculopathy; chronic pain syndrome; and pain disorder with psychological factors. *Id.* Dr. Tran concluded Plaintiff had the following functional limitations: maximum lifting and carrying of twenty pounds occasionally and ten pounds frequently; maximum walking and standing four hours in an eight-hour workday; maximum sitting six hours in an eight-hour workday; occasional postural activities such as bending, stooping, kneeling, crouching, and crawling; and frequent bilateral overhead reaching. AR 678–79.

The ALJ found Dr. Tran's opinion partially persuasive. The ALJ found the "postural limitations assessed by Dr. Tran at occasional are reasonable." AR 24. But the ALJ found Dr. Tran's opinion that Plaintiff is limited to standing and walking "[f]our hours in an 8-

hour workday" too restrictive. *Id.* Instead, the ALJ found Plaintiff capable of standing and walking six hours in an eight-hour workday. *Id.*[4]

Plaintiff contends the ALJ's rejection of Dr. Tran's four-hour limitation disregarded the following abnormal findings: (1) "Plaintiff's toe walking, heel walking, and tandem walking were performed slowly and in a guarded manner"; (2) "Plaintiff demonstrated limited range of motion of the spine and hip joints"; and (3) "Plaintiff also demonstrated reduced sensation in the bilateral third to fifth fingers." Dkt. No. 17 at 11–12.

The ALJ's decision, however, found Plaintiff engaged in "symptom magnification" and gave "submaximal effort" during Dr. Tran's examination. AR 24 ("Significantly, Dr. Tran expressly found that there was significant symptom magnification and submaximal effort by the claimant at his examination . . . ."). This malingering supports the ALJ's refusal to credit Plaintiff's performance results. *Hegel v. Astrue*, 325 F. App'x 580, 581 (9th Cir. 2009) ("reports of malingering and invalid test results . . . . constitute specific, legitimate reasons to support the ALJ's findings"); *Leon v. Astrue*, No. 1:10-cv-0077 SKO, 2011 WL 1077679, at *9 (E.D. Cal. Mar. 21, 2011) (finding "Plaintiff to be a malingerer [is] a specific, legitimate reason to discount the doctor's opinion regarding Plaintiff's physical RFC").

The ALJ's decision also properly considered and evaluated the supportability and consistency of Dr. Tran's opinion. Regarding supportability, the ALJ found Dr. Tran's four-hour standing/walking limitation is not supported by Dr. Tran's findings that Plaintiff had "'normal gait' and 'no balance issue' as well as normal bilateral strength (5/5), and normal muscle bulk and tone, with no muscle atrophy. . . ." *Id.*

Regarding consistency, the ALJ found no "significant objective findings [in the record] which would limit the ability to ambulate for up to six hours during an eight-hour

---

[4] This distinction is material because a claimant capable of less than six hours of standing and walking may not be capable of performing light work. *See* SSR 83-10, 1983 WL 31251, at *6) (finding that light work involves "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday").

day." AR 24. The ALJ cited Dr. Sial's and Dr. Nusbaum's findings as examples. AR 24 (citing AR 529–34 (Dr. Sial's consultative examination report) and AR 538–636 (Dr. Nusbaum's records of chiropractic examinations and treatment)). Dr. Sial found Plaintiff "is restricted to standing and walking six hours in an eight-hour day with appropriate breaks." AR 533. In a Worker's Compensation "Return-to-Work" report, Dr. Nusbaum found Plaintiff is capable of standing and walking "4-6 hours." AR 545.

The ALJ's decision properly evaluated whether Dr. Tran's four-hour standing and walking limitation is supported by and consistent with the evidence in the record. The Court, therefore, finds no error in the decision's analysis of Dr. Tran's opinion about Plaintiff's ability to stand and walk.

### 3. *Dr. Nusbaum: Sedentary Work*

Dr. Nusbaum, a chiropractor, first examined Plaintiff for lower back pain on July 29, 2019, shortly after Plaintiff fell from a ladder at work. AR 633–34. Dr. Nusbaum's first examination noted tenderness, pain, and some decreased range of motion. *Id.* He continued to evaluate Plaintiff and issue worker's compensation progress reports every 45 days, and found Plaintiff could return to modified work from August 2019 through May 2020, with the following sedentary job restrictions: "No lifting or carrying greater than 10lbs; No repetitive bending or forceful pushing or pulling. Alternate sit/stand prn. No use of electric tools. No climbing multiple flights of stairs." AR 574–631.[5] On January 21, 2021, Dr. Nusbaum recommended Plaintiff return to limited light work. AR 533.

Plaintiff argues the ALJ erred by rejecting Dr. Nusbaum's sedentary limitation because the ALJ only provided "cursory and conclusory treatment" of that opinion. Dkt. No. 17 at 14. Plaintiff further contends the ALJ would be required to find Plaintiff disabled

---

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

if he were limited to sedentary work. *Id.* at 15 (citing 20 C.F.R. Part 404, Subpart b, App. 2, Rule 201.14 and AR 67–68).

In rejecting Dr. Nusbaum's sedentary limitation, the ALJ explained Dr. Nusbaum's opinion as a chiropractor is less persuasive than those of other medical providers. AR 26. The ALJ also discounted Dr. Nusbaum's opinion, in part, because it was rendered in connection with a worker's compensation claim, which "focus[es] primarily on the ability to do past work," rather the assessments under Social Security disability rules and regulations that "focus also on the ability to perform other, less demanding work." AR 25–26. These are permissible facts for the ALJ to consider in weighing Dr. Nusbaum's decision. *Campuzano v. Comm'r of Soc. Sec.,* No. 20-cv-721-WQH-WVG, 2021 WL 3093571, at *8 (S.D. Cal. July 22, 2021) ("ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding," but the ALJ may recognize that the "short-term nature of the [] workplace restrictions rendered them of limited value for purposes of evaluating Plaintiff's long-term RFC."), *report and recommendation adopted*, 2021 WL 3848164 (S.D. Cal. Aug. 27, 2021).[6]

The ALJ also evaluated the supportability and consistency of Dr. Nusbaum's opinion. Regarding supportability, the ALJ noted Dr. Nusbaum's sedentary limitation was a "temporary restriction," limited to five months in early 2020, "which do not render complete statements as to the claimant's condition throughout the relevant period of

---

[6] "The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because . . . 'acceptable medical sources' are the most qualified health care professionals." *Finger v. Comm'r of Soc. Sec.*, No. 2:21-cv-802-KJN, 2022 WL 16638011, at *5 (E.D. Cal. Nov. 2, 2022) (citing *Knight v. Astrue*, 32 F. Supp. 3d 210, 221 (N.D.N.Y. 2012) (noting the ALJ was permitted to give an opinion less weight because chiropractors are not explicitly designated as acceptable medical sources)) (additional citation omitted).

alleged disability." AR 25.[7] The ALJ further explained Dr. Nusbaum's later opinions were "much less [restrictive]" (AR 25), and "further treatment records from Dr. Nusbaum during 2021 evidence functional improvement" and "little evidence of any subsequent medical treatment" (AR 22). The ALJ also cited Dr. Nusbaum's January 21, 2021 report, where he concluded Plaintiff "could perform a range of light work, lifting 15-20 pounds on an intermittent basis and up to 40 pounds on a one-time basis, while being limited to pushing, pulling and twisting activities no more than 2-4 hours per shift . . . ." AR 25 (citing AR 542–43).

Regarding consistency, the ALJ explained that both Dr. Sial and Dr. Tran opined that Plaintiff could perform light work, and the ALJ found their opinions persuasive. AR 23–25 (citing AR 529–34, 673–85). The ALJ also cited post-surgical hospital records from July 2020 that "showed normal motor and sensory function, no focal deficits, and no muscle atrophy or tenderness." AR 22 (citing AR 486).

The ALJ's decision contains supportability and consistency findings that support its discounting of Dr. Nusbaum's opinion. The Court, therefore, finds no error in the ALJ's treatment of Dr. Nusbaum's sedentary work restriction. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

### 4. *Harmless Error*

Having found the ALJ's decision erred in its evaluation of Dr. Sial's occasional reaching limitation, the Court considers whether that error is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[The Court] may not reverse an ALJ's decision on

---

[7] "To be eligible for disability benefits, an individual must be unable 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014) (citing 42 U.S.C. § 423(d)(1)(A)).

account of an error that is harmless."). An error is harmless if it is "inconsequential to the ultimate nondisability determination[,]" and the Court "can confidently conclude that no reasonable ALJ, when [not making the same error], could have reached a different disability determination." *Stout*, 454 F.3d at 1055–56.

Here, the hypothetical the ALJ posed to the vocational expert ("VE") contained a frequent non-overhead reaching limitation. AR 64. The VE, however, testified Plaintiff could not perform light work if limited to "occasional reaching in all directions." AR 66–67 ("Yes, I would say it would preclude light jobs."). The error in failing to make adequate supportability and consistency findings for frequent non-overhead reaching, therefore, is material to the ultimate disability determination and not harmless. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value.") (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)).

## VI.   REMAND

"If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (citing *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Plaintiff seeks a remand, including a de novo hearing and a new decision. Dkt. No. 17 at 26. Defendant agrees that if the Court finds error, a remand for further proceedings as requested by Plaintiff is the appropriate remedy. *Id.*

Additional administrative proceedings could remedy the defects in the ALJ's decision here because Plaintiff's reaching limitations require further analysis. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115–16 (9th Cir. 2003) (remanding for further administrative

proceedings where "outstanding issues" remained to be resolved). The Court, therefore, finds remand is the appropriate remedy.[8]

## VII.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** the District Judge **GRANT** Plaintiff's request for remand (Dkt. No. 17), **REMAND** for further proceedings, and enter **JUDGMENT** in Plaintiff's favor.

**IT IS HEREBY ORDERED** that any written objection to this Report and Recommendation must be filed with the Court and served on all parties no later than **February 18, 2025**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 25, 2025**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: February 3, 2025

Honorable Daniel E. Butcher
United States Magistrate Judge

---

[8] The Court notes that Dr. Nusbaum provided work limitations and restrictions contemporaneous to Plaintiff's alleged period of disability from the date of the alleged onset (February 28, 2020) through the date last insured (September 30, 2020).  AR 552–68, 574–87 (providing sedentary restrictions from January through May 2020, and off-work restrictions from July through December 2020). Drs. Sial and Tran, however, examined plaintiff after the date last insured. AR 529–34, 673–85. On remand, the ALJ should consider and explain how Drs. Sial's and Tran's opinions relate to the period of alleged disability.