# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR S.,[1]<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO, Commissioner of Social Security,[2]<br><br>　　　　　　　　　　Defendant. | Case No.:  23-cv-2324-AJB-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 23); AND**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 20)** |

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the parties' subsequent Joint Motion for Fees Pursuant to the EAJA. (Doc. Nos. 20; 23.) The parties' Joint Motion

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Frank Bisignano may be substituted as the defendant in this action pursuant to 42 U.S.C. § 405(g).

is **GRANTED**. (Doc. No. 23.) Plaintiff's Motion for Attorney's Fees is **DENIED AS MOOT**. (Doc. No. 20.) Fees and expenses in the amount of $6,072.00 as authorized by 28 U.S.C. § 2412, and no costs under 28 U.S.C. § 1920, are awarded subject to the terms of the Joint Motion.

I.  **BACKGROUND**

On December 21, 2023, Plaintiff Julio S. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's (the "Commissioner's") denial of his application for social security disability insurance benefits. (Doc. No. 1.) The Commissioner filed the administrative record on February 20, 2024. (Doc. No. 8.) On August 27, 2024, the parties filed their Joint Motion for Judicial Review of the Final Decision of the Commissioner. (Doc. No. 17.) On February 3, 2025, Magistrate Judge Daniel E. Butcher issued a Report and Recommendation ("R&R"). (Doc. No. 18.) The R&R recommended granting the Joint Motion in Plaintiff's favor and remanding the matter back to the Commissioner for further administrative proceedings. (*Id.*) The parties were instructed to file any written objections to the R&R no later than February 18, 2025, and replies no later than February 25, 2025. (*Id.*) No objections were filed. On February 26, 2025, the Court adopted the R&R and remanded the case back to the Commissioner for further review pursuant to 42 U.S.C. § 405(g). (Doc. No. 19.)

On May 27, 2025, Plaintiff filed a motion requesting the Court award Plaintiff attorney fees and expenses in the amount of $6,391.99. (Doc. No. 20.) That same day, the Court set a briefing schedule as to Plaintiff's Motion for Attorney's Fees, requiring responses to be filed by June 10, 2025, and replies by June 17, 2025. (Doc. No. 21.) Rather than filing a response to Plaintiff's Motion, the parties filed the instant Joint Motion for Attorney's Fees, asking that the Court award Plaintiff attorney fees and expenses in the amount of $6,072. (Doc. No. 23 at 2.) The parties provide that this amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.*)

## II. DISCUSSION

"Under EAJA, a litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005); *see also* 28 U.S.C. § 2412(d)(1). The Court will address these elements in turn.

### A. Prevailing Party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)). Here, Plaintiff is the prevailing party because the Court granted the Joint Motion for Judicial Review in Plaintiff's favor, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings. (*See* Doc. Nos. 18; 19.)

### B. Substantial Justification

It is the Commissioner's burden to prove that his position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the Commissioner makes no argument that his position was substantially justified. Rather, the instant fee request comes to the Court by way of a joint motion. (See Doc. No. 23.) Accordingly, the Commissioner has not met his burden of showing his position was substantially justified or that special circumstances make an award unjust.

### C. Reasonableness of Hours

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also*

*Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Accordingly, the Court finds that 22.7 hours in attorney time, and 5.5 hours in paralegal time, is reasonable in light of Plaintiff's results in the case.[3] *See Darren Jeffrey C. v. Kijakazi*, No. 3:21-cv-01012-AHG, 2022 WL 17826795, at *2 (S.D. Cal. Dec. 20, 2022) (finding 51.5 total hours requested reasonable where the court granted the plaintiff's merits brief, reversed the decisions of the Commissioner, and remanded the matter for further proceedings).

### D. Reasonableness of Hourly Rate

The EAJA provides that the court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In this Circuit, factoring in increases in the cost of living, the statutory maximum EAJA rate for work performed in 2023 is $244.62 and 2024 is $251.84. *See* UNITED STATES COURTS FOR THE NINTH CIRCUIT, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Aug. 18, 2025).

Here, Counsel's hourly rates are in line with the Ninth Circuit's EAJA hourly rate. (*See* Doc. Nos. 20, 23.) Plaintiff initially requested $6,391.99 in attorney's fees and costs, representing 22.7 hours in attorney time billed at the maximum EAJA rates for 2023 and 2024, and 5.5 hours of paralegal time billed at $125.00 per hour. (Doc. No. 20-2 ¶¶ 5–9, Exhs. A–H.) *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) ("[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees

---

[3] Although the Court denies as moot Plaintiff's Motion for Attorney's Fees (Doc. No. 20), the Court relies on the declaration and exhibits filed in support of that motion for the analysis related to the instant Joint Motion for Attorney's Fees. (*See* Doc. No. 20-2, Declaration of Stuart T. Barasch; Doc. Nos. 20-3–20-6, Exhs. A–D).

from the Government at prevailing market rates.") Plaintiff seeks paralegal fees at a rate of $125 per hour. (Doc. No. 20-2 ¶ 6.) Courts in this District have routinely approved hourly paralegal rates greater than Plaintiff's requested amount. *Rosemary G. V. v. Saul*, No. 3:19-CV-00715-RBM, 2020 WL 6703123, at *5 (S.D. Cal. Nov. 12, 2020) ("[C]ourts within this District have approved the $130 hourly paralegal rate."); *see, e.g., Toni Lynn B. v. Saul*, No. 19-cv-925-AHG, 2020 WL 4001981, at *3 (S.D. Cal. Jul. 15, 2020) (approving paralegal's hourly rate of $130 for EAJA award, for work performed in 2019 and 2020); *Black v. Berryhill*, 18-cv-1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (approving paralegal's hourly rate of $130 for EAJA award); *Smith v. Berryhill*, 17-cv-2108-CAB-RNB, 2019 WL 2234068, at *2 (S.D. Cal. Mar. 14, 2019) (approving paralegal's hourly rate of $130 for EAJA award). In light of the foregoing, the Court finds the $125 hourly rate billed by the paralegals is reasonable.

Additionally, in the parties' Joint Motion, the overall amount Plaintiff seeks to recover has been discounted to $6,072. (Doc. No. 23.) Because Counsel is seeking less than the EAJA maximum rate, the Court finds that the hourly rate billed is reasonable. *See Roland S. v. Saul,* No. 3:20-cv-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

### E. Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to [Plaintiff's counsel], pursuant to the assignment executed by Plaintiff." (Doc. No. 23 at 2.) "[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, this "does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu v. Berryhill*, No. 3:17-cv-01087-GPC-

JLB, 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018). Here, Plaintiff assigned his EAJA fees to his attorney, Olinsky Law Group. (Doc. No. 20-6 at 2, Exh. D.) Therefore, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to the Olinsky Law Group pursuant to the assignment agreement and the parties' Joint Motion.

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the parties' Joint Motion and **AWARDS** Plaintiff $6,072.00 in attorney's fees under the EAJA, 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920, subject to the terms of the Joint Motion. (Doc. No. 23.) The Court **DENIES AS MOOT** Plaintiff's Motion for Attorney's Fees. (Doc. No. 20.)

**IT IS SO ORDERED**.

Dated:  August 20, 2025

Hon. Anthony J. Battaglia
United States District Judge